Common Pleas Court of Mahoning County.

## PUCHUNEICZ V. CHELLIS.

Decided, 1929.

OVERMYER, J. (of Sandusky County, sitting by assignment).

This cause comes before the court on appeal from the court of James A. Murray, justice of the peace of Coitsville township, and is an appeal from an order of that court overruling a motion to discharge an attachment.

The following question, arising from the following facts, is presented.

The defendant was sued in the justice' court by the plaintiff for damages caused by ramming plaintiff's automobile. At the same time the defendant was arrested on an affidavit charging him with driving while intoxicated, in violation of an ordinance of the city of Campbell, and brought in custody before the mayor of that city. Upon being searched, there was found on defendant's person the sum of $230 in money. This was taken from him by the arresting officer or officers and turned over to the mayor, as we understand. The defendant was arraigned on the affidavit and entered a plea of not guilty. Thereupon the defendant was released and the $230 in money held as bail or bond for his appearance for hearing. The plaintiff in the automobile case before the justice then sued out an attachment and levied on the money in the hands of the mayor, the $230 taken from the defendant and held by the mayor for bail for appearance. A motion was made by the defendant in the justice' court to dismiss the attachment, and that motion was overruled, and it is that action which is here for review.

Chapter 14, Section 8, of the new criminal code provides as follows:

"In all cases it shall be lawful for the party *required to give recognizance, to deposit cash,* liberty bonds," etc. "*In an amount equal to the bond,* in lieu of a real property bond. Any money or bonds received in lieu of other security shall at once be deposited with the clerk of the court or magistrate, and shall be retained by him *until the recognizance or bond shall have been exonerated or discharged,* and in the event of the forfeiture of any such recognizance, the officer having in charge such money or bonds, shall apply the same, or the proceeds thereof, *in satisfaction of any judgment that may be rendered* on the recognizance or bond, and in such case the *depositor* of such fund shall surrender and forfeit all rights in and to the same, *to the extent of such judgment.* Provided, that such cash or bonds *deposited* as heretofore provided shall not be subject to garnishment, attachment, etc., so as to interfere with the right of the state or municipality *to collect the full penalty on the bond.*"

This court requested counsel to furnish a transcript of the mayor's docket, showing the entire transaction before

the mayor with reference to the arrest and arraignment of the defendant on the criminal charge, and has that transcript before it under the seal of the mayor. It shows the arrest and arraignment and plea, and nothing more. In the form it recites, "Defendant held to bail in the sum of $—— for —————— appearance at the next term of —————— in and for said county —————— to answer said charge. Defendant Charles DeGirles ——————————."

It will be seen therefore that no bond was ever fixed by the mayor for the defendant's appearance; the defendant himself never deposited the money in lieu of a property bond; he never was "required to give a recognizance" and therefore had no chance "to deposit cash" in lieu of a real property bond; his money was simply taken off his person and held for his appearance. Where is there any authority in Section 8, or anywhere else in the laws of our commonwealth, to do that?

The money taken from the defendant was his property and is still his property. It would remain his property until the mayor on his docket fixed his appearance bond at $230, and the defendant, by proper entry on the docket, would deposit this money as a cash deposit to meet the "required recognizance, in lieu of a real property bond." If the mayor fixed the appearance bond at $100 or $200, and his docket so showed, and the defendant then would deposit out of the $230 enough to meet that recognizance, and the docket so showed, then the balance of the $230 not so deposited would have to be turned over to the defendant at once upon his discharge, unless the balance in the meantime had been attached. Whatever sum would be legally *deposited* by the defendant (not by those who took it off his person) to meet a bond fixed by the mayor, would be free from attachment by the provisions of Section 8.

The $230 in the hands of the mayor is the property of the defendant, subject to attachment. The defendant is at large without bond. The motion to dismiss the attachment was properly overruled by the Justice and his action in so doing is affirmed, and the cause remanded to that court for further proceedings. Exceptions.